IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NAVOR ROYBAL,

    Plaintiff,

    v.                                        CIV No. 13-610 KG/GBW

UNITED STATES OF AMERICA,

    Defendant.

## ORDER

This matter comes before the Court on Plaintiff's Motion to Compel. *Doc. 32.* Having reviewed the motion and accompanying briefing (*see docs. 42, 49, 51, 56*), the Motion will be granted in part, denied in part, and partly held in abeyance.

**I.    BACKGROUND**

This is a medical malpractice action brought under the Federal Tort Claims Act, wherein Plaintiff alleges that Dr. Christian Schlicht, a physician employee of the Department of Veterans' Affairs, improperly injected him with experimental materials during a surgery performed on November 10, 2004. *Doc. 1, doc. 32* at 1.

**II.    STANDARD OF REVIEW**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). "For good cause, the court may order discovery of any matter relevant to the subject matter involved in

the action." *Id.* Moreover, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

"When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Horizon Holdings, LLC v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 211 (D. Kan. 2002). "However, when a request for discovery is overly broad on its face or when relevancy is not readily apparent, the party seeking discovery has the burden to show the relevancy of the request." *Bonanno v. Quizno's Franchise Co.*, 255 F.R.D. 550, 553 (D. Colo. 2009).

III.  ANALYSIS

A.  **Interrogatory 1**

Plaintiff seeks to compel the United States to respond to Plaintiff's Interrogatory 1 by producing current contact information for Dr. Schlicht, who testified in his last deposition that he was a current employee of the United States government. *Doc. 32* at 5, Ex. 7. Defendant responds that it is attempting to locate Dr. Schlicht, and will supplement its response to this Interrogatory as necessary. *Doc. 42* at 3. In reply, Plaintiff asks that if Defendant is unable to locate Dr. Schlicht for deposition prior to

2

trial, that Dr. Schlicht be barred from testifying and instead that his prior sworn statement be allowed into evidence. *Doc. 49* at 4. Plaintiff cites no authority for this request, but, of course, a court has broad discretion to determine whether a discovery violation is substantially justified or harmless, and may impose sanctions under Rule 37(c) by ordering the exclusion of previously undisclosed evidence. *Alvariza v. Home Depot*, 241 F.R.D. 663 (D. Colo. 2007). Given Defendant's representation that it is attempting to locate Dr. Schlicht, and in the absence of any bad faith on the part of Defendant, the Court will not order Plaintiff's requested sanction at this time. The Court notes that discovery terminates in this action on June 9, 2014. *Doc. 24.* Therefore, Defendant is ordered to respond to Plaintiff no later than **April 15, 2014**, either with the current contact information of Dr. Schlicht or certifying that it is unable to provide current contact information. If Plaintiff remains unsatisfied by Defendant's efforts, he may file a renewed motion after that date.

    B.    **Request for Production 1**

Plaintiff further demands a more fulsome response to his Request for Production 1, seeking Dr. Schlicht's complete personnel file from his employment with the Department of Veterans' Affairs. *Doc. 32* at 5-6. Defendant protests that Dr. Schlicht's personnel file is not relevant to the instant action because it does not relate to whether or not he was negligent on the date in question, and further, that Dr. Schlicht's right to privacy outweighs Plaintiff's right to this file. *Doc. 42* at 3. Defendant has produced Dr.

Schlicht's CV and proof of his employment with the Department of Veterans' Affairs at the time of the incident at issue.  *Id.* at 3-4.

In the Tenth Circuit, personnel files can be subject to disclosure in discovery, but the district court must balance the privacy of the individual against the relevance of the information at issue.  *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 650 (10th Cir. 2008). Further, courts have determined that in medical malpractice cases where, as here, plaintiffs have put physician training at issue, redacted personnel files should be available in discovery.  *Doc. 1* at 5; *Deya v. Hiawatha Hosp. Ass'n, Inc.*, 2011 WL 1559422, at *7-8 (D. Kan. Apr. 25, 2011); *Bandur v. Lemak*, 1995 WL 755315, at *2-3 (N.D. Ill. Dec. 15, 1995).  Further, Defendant's citation to *Franklin v. United States* is unavailing because in that case the plaintiff was seeking to prove negligence on the basis that "the surgery done on Ms. Franklin should have been done at a major facility," not on the basis of negligent training.  *See* Case No. 12-cv-1167 KGM/LFG, *doc. 69* at 4.  Defendant's objection is therefore overruled, and Defendant is ordered to produce Dr. Schlicht's personnel file for his period of employment at the Department of Veterans' Affairs, with Dr. Schlicht's personal information redacted.

## C.     Request for Production 5

In his Request for Production 5, Plaintiff seeks the production of documentation related to "the procedure in which Dr. Schlicht injected Kyphon polymer, Ancef, and methyl mathacrylate monomer into the spine/disk space."  *Doc. 32* at 6-7.  Defendant

4

argues that because the documents created about the materials and procedures at issue were created pursuant to a Department of Veteran's Affairs quality assurance program, they are privileged pursuant to 38 U.S.C. § 5705(a) and also protected by New Mexico law as peer-reviewed materials under NMSA 1978 § 41-9-5. *Doc. 51* at 2, 4. Defendant concedes that this privilege objection is untimely, but argues that such delay is excusable and should not result in waiver. *Id.* at 6-8.

Plaintiff responds that the exceptions contained in 38 C.F.R. § 17.501 apply to at least some of the identified documents. Specifically, Plaintiff contends that items 2, 3, 15, 17, 21, and 26 are summaries and therefore discoverable under 38 C.F.R. § 17.501(g)(2), that item 4 is credentialing or privileging material and is discoverable under (g)(3), and that item 13 is statistical information under (g)(6). *Doc. 56* at 5. Because there are so many apparent exceptions applicable, Plaintiff requests either immediate disclosure of all the documents to Plaintiff's counsel or an in camera review of all the withheld documents. *Id.* Plaintiff further contends that Defendant is required to produce records pertaining to Plaintiff's surgery because it was an adverse event for which disclosure is required under the Department's Handbook section 1004.08. *Id.* at 6. Finally, Plaintiff contends that Defendant's untimely assertion of privilege does result in waiver.

"38 U.S.C. § 5705 and 38 C.F.R. § 17.501 together make documents produced by the VA at focused reviews confidential and privileged." *Jackson v. United States*, 708

5

F.3d 23, 32 (1st Cir. 2013).[1]  Indeed, the very existence of 38 U.S.C. § 5705 as one of the few instances in which Congress has specifically provided for peer review privilege emphasizes its importance.  *Syposs v. United States*, 179 F.R.D. 408, 412 (W.D.N.Y. 1998).  Of course, Defendant, as the party asserting the privilege, bears the burden of demonstrating that it is justified in withholding the documents at issue.  *Bethel v. United States ex rel. Veterans' Admin. Med. Ctr. of Denver, Colo.*, 242 F.R.D. 580, 586 (D. Colo. 2007).

Having reviewed the privilege log (*doc. 51*, Ex. B), the Court agrees that an in camera review is appropriate as to items 2, 3, 15, 17, and 26 as summaries, but not as to item 21, which appears to be a memo.  The Court will also conduct an in camera review of items 4 and 13 as potentially falling under other exceptions identified by 38 C.F.R. § 17.501.  Defendant is ordered to provide these documents to the Court within seven days of the filing of this order.

Further, the Court declines to find waiver here.  The Court notes that Defendant's motion for leave to file a supplemental response was unopposed by Plaintiff.  *See doc. 47*.  The Court also accepts Defendant's explanation of its delay in asserting privilege in this matter.  "As the federal rules, case law and commentators suggest, waiver of a privilege is a serious sanction most suitable for cases of unjustified delay, inexcusable conduct, and bad faith."  *United States v. Philip Morris, Inc.*, 347 F.3d

---

[1] The Court is perplexed by Defendant's assertion of state privilege law, as the Complaint clearly invokes only federal law.  *See* FED. R. EVID. 501.

951, 954 (D.C. Cir. 2003) (quoting *First Sav. Bank, F.S.B. v. First Bank Sys., Inc.*, 902 F. Supp. 1356, 1361 (D. Kan. 1995)).  As there is no indication of bad faith warranting a finding of waiver here, the Court will not deem Defendant's privilege waived.

Finally, because the Court is granting Plaintiff's Motion in part and denying it in part, the Court declines to award sanctions pursuant to Federal Rule of Civil Procedure 37.

**IT IS SO ORDERED.**

UNITED STATES MAGISTRATE JUDGE