IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NAVOR ROYBAL,

    Plaintiff,

v.                                                      CIV No. 13-610 KG/GBW

UNITED STATES OF AMERICA,

    Defendant.

## ORDER

This matter comes before the Court on Defendant's Motion to Stay Discovery. *Doc. 55.* Having reviewed the motion and accompanying briefing (*see doc. 60*), the Court will GRANT it.

**I.   BACKGROUND**

This is a medical malpractice action brought under the Federal Tort Claims Act, wherein Plaintiff alleges that Dr. Christian Schlicht, a physician employee of the Department of Veterans' Affairs, improperly injected him with experimental materials during a surgery performed on November 10, 2004. *Doc. 1; doc. 32* at 1.

On March 20, 2014, Defendant filed both a Motion to Dismiss or, in the Alternative, for Summary Judgment and a Motion to Stay. *Docs. 54, 55.* Defendant requests a stay because its Motion to Dismiss is premised on Plaintiff's failure to file his action within the applicable statute of limitations or within the statute of repose.

**II.    STANDARD OF REVIEW**

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings.  *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, at *2 (D. Colo. 2006). Federal Rule of Civil Procedure 26 does, however, provide that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."  FED. R. CIV. P. 26(a). Further, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254–255 (1936) (citation omitted).

A stay of all discovery is generally disfavored.  *Bustos v. United States*, 257 F.R.D. 617, 623 (D. Colo. 2009).  However, courts have recognized that discovery may be appropriate while issues of jurisdiction are being resolved.  *Gilbert v. Ferry*, 401 F.3d 411, 415–16 (6th Cir. 2005) (finding stay permissible pending ruling on a dispositive motion asserting a jurisdictional issue); *Vivid Techs., Inc. v. Am. Sci. & Eng'r, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

**III.     ANALYSIS**

Defendant here contends that a stay of discovery is appropriate because it has filed a Motion to Dismiss that turns on "one dispositive issue – whether Plaintiff's failure to timely file a notice of claim and this lawsuit – that precludes jurisdiction." *Doc. 55* at 2. Plaintiff responds that, because Defendant has raised a statute of limitations defense, staying discovery is inappropriate, particularly since Plaintiff has already been prejudiced by Defendant's failure to participate in discovery up to this point. *Doc. 55* at 2-3.

When considering a stay of discovery, other courts in this district have considered the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *Morgan v. Clements*, 2012 WL 3130768 at *2 (D. Colo. 2012) (citing *String Cheese Incident*, 2006 WL 894955, at *2).

While the undersigned will not rule on the merits of Defendant's motion, it is apparent that Defendant's argument that the Court lacks subject matter jurisdiction over this action are colorable. *See Wyers Prods. Grp. v. Cequent Performance Prods., Inc.*, 2013 WL 2466917 at *2 (D. Colo. 2013) (in considering whether to grant a stay pursuant to a Rule 12(b)(1) motion, noting that the moving party had made a colorable claim as to the potential lack of subject matter jurisdiction).

Further, in applying the *String Cheese* factors, the Court finds that a stay is appropriate. While it is true that Plaintiff has an interest in proceeding expeditiously with this action, Plaintiff would not be prejudiced by a brief pause given that the injury at issue is already 10 years old. Conversely, Defendant would be significantly prejudiced if it were forced to continue with discovery to only to then succeed in having the matter dismissed for lack of subject matter jurisdiction. *See String Cheese*, 2006 WL 894955, at *2 (finding "that subjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject him to undue burden or expense, particularly if the motion to dismiss is later granted."). The Court also finds its own convenience favors a stay because any inconvenience in altering case management deadlines is outweighed by the potential waste of judicial resources (such as ruling on further discovery motions) if discovery were to proceed in the absence of jurisdiction. *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.") (internal quotation omitted). Finally, the interests of any non-parties and the public interest do not alter the Court's conclusion.

Therefore, **IT IS ORDERED** that Defendant's Motion is GRANTED.  This matter is stayed[1] pending ruling on Defendant's Motion (*doc. 54*).[2]

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] The granting of the stay does not relieve Defendant from its obligations pursuant to the Order (*doc. 58*) granting in part and denying in part Plaintiff's motion to compel (*doc. 32*).

[2] Defendant's motion seeks dismissal under Rule 12, but also, in the alternative, summary judgment under Rule 56.  As such, Plaintiff would be entitled to move for discovery as to facts essential to opposing the motion for summary judgment pursuant to Rule 56(d).  While this general stay would not prohibit a 56(d) request for specific discovery, it appears that Plaintiff does not require such discovery having already filed his Response.  *See doc. 59*.